UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DERRICK WILLIE, | |
|---|---|
| Petitioner | Case No. CV 17-7467-PSG (GJS) |
| v. | ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; DENYING CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION PURSUANT TO NINTH CIRCUIT RULE 22-3(a) |
| J. GASTELO (WARDEN), | |
| Respondent. | |

On January 20, 2009, Petitioner, a state prisoner, commenced a 28 U.S.C. § 2254 habeas action in Case No. CV 09-00596-JSL (CT) (the "First Petition"). The First Petition sought habeas relief with respect to Petitioner's 2007 Los Angeles County Superior Court conviction for multiple felony counts in Case No. NA069404 and his related sentence of seven terms of 25 years to life plus a determinate term of 90 years in state prison (the "State Conviction"). On May 22, 2009, United States District Judge J. Spencer Letts denied the First Petition on its merits and dismissed the case with prejudice, and the Judgment was entered on May 26, 2009.

Petitioner appealed the denial of the First Petition to the United States Court of Appeals for the Ninth Circuit (Case No. 09-55943). On October 27, 2011, the Ninth Circuit denied a certificate of appealability. Prior to then, Petitioner had filed an

application for leave to file a second or successive Section 2254 petition (Case No. 09-73630), which sought leave to file a new habeas petition alleging a claim that the prosecutor failed to disclose evidence that would have shown that Detective Perez testified falsely. The Ninth Circuit denied Petitioner's application on February 10, 2010.[1]

After the denial of the First Petition was affirmed, close to six years passed. On October 12, 2017, Petitioner filed the instant Section 2254 habeas petition in this action [Dkt. 1, "Petition"]. The Petition alleges a single ground and pleads what is commonly referred to as a *Brady* claim. Specifically, Petitioner alleges that, prior to his 2007 conviction, the prosecutor failed to turn over to the defense several March 2006 FBI reports, which Petitioner contends would have aided in cross-examining the victims and/or witnesses, as well as provided unspecified exculpatory matter. He alleges that "[t]he evidence is material in the sense that its suppression of the undisclosed Federal Bureau of Investigation Agency reports undermines confidence in the outcome of the trial." (Petition at 30-36.)

There is no evidence that Petitioner has sought, or obtained, leave from the Ninth Circuit to file the Petition.

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.*, 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the Ninth Circuit dockets available electronically through the PACER system.

or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this District Court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007).

The First Petition raised various federal constitutional claims challenging the State Conviction and was denied on its merits over eight years ago. The present Petition again challenges that same State Conviction and thus, on its face, would appear to be second or successive within the meaning of Section 2244(b). However, the Section 2244(b) question is less straightforward when, as here, a *Brady* claim is sought to be raised through a subsequent Section 2254 habeas petition.

Prisoners seeking to raise *Brady* claims through second Section 2254 habeas petitions or second 28 U.S.C. § 2255 motions often have argued that second-in-time requests for habeas relief raising *Brady* claims are exempt from the Section 2244(b) requirements, particularly when the claims are based on the belated discovery of evidence alleged to have been suppressed by the prosecution. As the Ninth Circuit has observed, "[g]iven the nature of *Brady* claims, petitioners often may not be at fault for failing to raise the claim in their first habeas petition." *United States v. Lopez*, 577 F.3d 1053, 1064 (9th Cir. 2009). Some Circuits have concluded that, nonetheless, *Brady* claims are not categorically exempt from the Section 2244(b) restrictions on second or successive petitions. *See, e.g., Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1259-60 (11th Cir. 2009) (per curiam); *Evans v. Smith*, 220 F.3d 306, 323-24 (4th Cir. 2000).

When the *Brady* claim/exempt or not question was put to the Ninth Circuit in *Lopez*, the panel also held that "*Brady* claims are not categorically exempt from" the statutory second and successive petition limitations. 577 F.2d at 1067. The Ninth Circuit posited that some *Brady* claims – *e.g.*, those that established the *Brady* materiality element – might be exempt from the "clear and convincing evidence" requirement of Section 2255(h)(1)[2] for bringing a successive Section 2255 motion, although the panel determined that the *Brady* claim before it did not satisfy the *Brady* materiality element and was second or successive. *Id.* at 1066-68. "Accordingly, we need not, and do not, resolve the more difficult question of whether *all* second-in-time *Brady* claims must satisfy" the second or successive petition requirements. *Id.* at 1067.

Subsequently, in *Gage v. Chappell*, 793 F.3d 1159 (9th Cir. 2015), another panel decision, petitioner Gage sought leave to bring a second and successive Section 2254 petition alleging, *inter alia*, a *Brady* claim based on the prosecution's failure to turn over the victim's medical records.[3] Gage argued that his second petition was not second or successive based on the Supreme Court's decision in *Panetti v. Quarterman*, 551 U.S. 930, 946-47 (2007), which found that a second-in-time petition challenging a capital sentence on the ground that the petitioner had

---

[2] Section 2255(h)(1) is essentially the parallel provision for federal prisoners to Section 2244(b)(2)(B), which permits a second or successive petition claim by a state prisoner when (i) the claim's factual predicate could not have been discovered previously through the exercise of due diligence, *and* (ii) the facts underlying the claim, if proven and considered in light of all of the evidence, would be sufficient to establish by clear and convincing evidence that, but for the federal constitutional error, no reasonable factfinder would have found the petitioner guilty.

[3] The medical records had not been turned over to Gage or his counsel at the time of the Ninth Circuit's decision. Rather, when Gage moved for a new trial, the trial court order their production for an in camera review and then granted the motion and vacated Gage's conviction, finding that the evidence in the medical records rendered the testimony of the victim and her mother not credible. The trial court's decision thereafter was overturned on state appeal. 793 F.3d at 1162-63.

4

developed a mental illness rendering him insane *after* his first habeas petition was decided was not second or successive, because the factual predicate for the claim did not exist, and thus the claim was not ripe, until after the resolution of the first petition. The Ninth Circuit rejected Gage's contention that *Panetti* rendered his petition not second or successive, finding the argument was precluded by a decision that issued two years after *Lopez* – *United States v. Buenrostro*, 638 F.3d 720 (9th Cir. 2011) (per curiam):

> In *Buenrostro*, . . . we adopted a constrained reading of *Panetti*'s reach. *See* 638 F.3d at 721. *Buenrostro* involved a would-be petitioner seeking to bring a second-in-time habeas petition alleging ineffective assistance of counsel based on newly discovered evidence. *Id.* In considering whether such a petition would be subject to the second-or-successive bar under 28 U.S.C. § 2255(h),[fn. om.] we distinguished between petitions containing claims, the factual predicate of which came into being after the first habeas petition—such as the mental incompetency claim in *Panetti*—and those containing "claims that were ripe at the conclusion of a first [habeas] proceeding but were not discovered until afterward"—such as the ineffective assistance of counsel claim in *Buenrostro*. *Id.* at 725 (emphasis omitted). We held that the second category of claims, those in which the factual predicate existed at the time of the first habeas petition, indeed qualify as second or successive under the AEDPA. *Id.* at 725-26; *accord United States v. Obeid*, 707 F.3d 898, 902–03 (7th Cir. 2013); *Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1259-60 (11th Cir. 2009) (per curiam).

Gage, 793 F.3d at 1165. The Ninth Circuit concluded that the factual predicate for Gage's *Brady* claim developed, at the latest, when the trial court commented on the contents of the medical records in connection with the motion for a new trial, and thus, Gage's *Brady* claim was ripe before the initial Section 2254 petition was filed and resolved. Deeming itself "bound to follow the teachings of *Buenrostro*," the Ninth Circuit concluded that *Buenrostro* "foreclose[d]" Gage's argument that his *Brady* claim was exempt from the Section 2244(b) requirements. *Id.* (citing *Miller*

5

*v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

This Court, too, is bound by Ninth Circuit precedent. *See Miller*, 335 F.3d at 899. The earlier decision of *Lopez* explicitly held that *Brady* claims are <u>not</u> categorically exempt from the second or successive petition limitations and left "open the more difficult question whether *Panetti* supports an exemption from [Section 2244(b)(2)(B)'s] gatekeeping provision for meritorious *Brady* claims that would have been reviewable under the pre-AEDPA prejudice standard." 577 F.3d at 1068. Two years later, in *Gage*, the Ninth Circuit considered the effect of an intervening decision (*Buenrostro*) on the issue and found that, under *Buenrostro*, a *Brady* claim that is based on a factual predicate that predated the first habeas petition, even if not discovered until afterward, qualifies as second or successive and must meet Section 2244(b)'s requirements to continue. 793 F.3d at 1165.

Here, the *Brady* claim is based on FBI reports that issued in March 2006, well before Petitioner's February 2007 conviction and the 2009 filing of the First Petition. In a declaration and November 2015 letter, Petitioner's trial counsel states that he did not find FBI reports in his file and does not recall whether or not he had any discussion with the prosecutor about FBI reports, but notes that one of the police reports mentions two FBI agents. (Petition at 42, 53.) Under *Gage*, this appears to be an instance that falls into "the second category of claims," *i.e.*, in which the factual predicate existed before the first habeas petition but may not have been discovered until afterward, and thus, constitutes a claim that is second or successive. *Gage*, 793 F.3d at 1165; *see also United States v. Orantes-Arriaga*, Case No. 3:90-cr-00354-MA, 2016 WL 3446289, at *4-*5 (N.D. Cal. Aug. 10, 2017) (*Brady* claim based on newly-discovered 1990 pre-arrest teletypes held to be a claim that was "ripe but undiscovered during the course of" the first Section 2255 motion proceeding and thus, under *Gage*, to be second or successive and subject to the Circuit certification requirement for second or successive Section 2255 motions).

Given the Ninth Circuit's declination to resolve the question of whether all second-in-time *Brady* claims must satisfy Section 2244(b),[4] the Court concludes that it is the Ninth Circuit, rather than this District Court, which should determine, as an initial matter, whether Petitioner may proceed with the instant Petition and the *Brady* claim raised therein. *See Prince v. Lizarraga*, Case No. CV 15-04222-R (DTB), 2016 WL 922636, at *5 (C.D. Cal. Feb. 4, 2016) (in light of the Ninth Circuit's "explicit refusal" in *Lopez* to resolve whether all *Brady* claims must satisfy the statutory second or successive petition requirements, concluding that "[t]he decision whether to allow petitioner to proceed with his Petition alleging a new *Brady* claim must be made, in the first instance, by the Ninth Circuit"), adopted by 2016 WL 927134 (March 9, 2016); *Brown v. Asuncion*, Case No. 14-cv-04497-YGR, 2016 WL 705987, at *5 (N.D. Cal. Feb. 23, 2016) (finding that "uncertainty remains regarding how the Ninth Circuit would consider successive petitions based upon *Brady* claims" and, therefore, concluding that the petition was successive and leave from the Ninth Circuit to bring it was required); *Fellman v. Davison*, Case No. C 10-01101 CRB, 2011 WL 2471579, at *3 (E.D. Cal. June 22, 2011) (finding that *Lopez* did not create an exception to Section 2244 "for all material *Brady* claims" and, therefore, the petitioner should seek leave in the Ninth Circuit, which would decide whether her petition could proceed).

Petitioner has not sought or obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the *Brady* claim alleged in the Petition. This Court therefore lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also Burton*, 127 S. Ct. at 799 (district court lacks jurisdiction to

---

[4] In *Lopez*, the Ninth Circuit wrestled with the interplay of the prior abuse of the writ standards for successive *Brady* claims and AEDPA's gatekeeping function embodied in Section 2255(h)(1), but ultimately concluded that, because the *Brady* claim before it would have been barred under the prior abuse of the writ doctrine (given that materiality for *Brady* purposes was not shown), it need not resolve the specific parameters for subjecting *Brady* claims to the AEDPA's statutory second or successive petition requirements. 577 F.3d at 2060-68.

consider the merits of a second or successive petition absent prior authorization from the circuit court).[5] For Petitioner to proceed with the instant Petition, he must file an application in the Ninth Circuit for an order authorizing this District Court to consider the Petition. 28 U.S.C. § 2244(b)(3).

Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

**IT IS SO ORDERED.**

DATED: 11/13/17

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court notes that Petitioner does not state when and how he came to learn of the FBI reports, and there may be a timeliness problem with respect to the Petition. As the Court lacks jurisdiction over the Petition, however, it will not consider the timeliness issue at this juncture.

8